IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. CR 22-634 JB |
| | § | |
| ROBERT PADILLA, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR ORDER REGARDING CONDITIONS OF CONFINEMENT

ROBERT PADILLA, Defendant, by and through the undersigned appointed counsel, Ronald Gainor and Marc H. Robert, respectfully submits this Reply to the Government's Response to his motion asking this Court, pursuant to the Fifth, Sixth, Eighth and Fourteenth Amendment to the United States Constitution, and 18 U.S.C. § 3142(I), for a review of Mr. Padilla's unconstitutional conditions of pretrial confinement or, in the alternative, for reconsideration of the Court's previous order detaining Mr. Padilla pending indictment and trial, and in support of the motion would respectfully show the Court as follows:

1. Robert Padilla is being held in pretrial detention in unjustifiably onerous conditions, unlike nearly every other federal pretrial detainee, regardless of the seriousness of the charges. Mr. Padilla asks this Court to review those conditions and order that Mr. Padilla be returned to conditions of pretrial confinement similar to those of other federal

pretrial detainees.  Alternatively Mr. Padilla asks this Court to reconsider the detention order previously entered in this case, and to consider the imposition of appropriate conditions of pretrial release.

2. Mr. Padilla is a defendant in this and one other federal case (*U.S. v. Padilla, et al.*, 19 CR 3113 JB).  He is being held in solitary confinement in the most secure and oppressive part of the New Mexico State penal system, "Level 6" at the North Facility at the Penitentiary of New Mexico near Santa Fe.  He is being denied the right to create a family visitation list; denied the right to receive funds for commissary; and sporadically denied other rights within that facility.  New Mexico inmates serving imposed sentences are sent to Level 6 for serious misconduct in other state prisons; things like stabbing a corrections officer or another inmate.  Mr. Padilla is even denied the opportunity to earn relief from some of those restrictions, an opportunity

3. which is available to those state prison miscreants.  The conditions of confinement implicate Mr. Padilla's rights to effective assistance of counsel and other constitutional rights as outlined in detail in Mr. Padilla's motion.  These matters were addressed in some detail in Mr. Padilla's motion and will not be restated here.

4. There is no reason that Mr. Padilla should be in a maximum security state prison rather than in the facilities with which the Marshal Service contracts to house its detainees.  The Government lists allegations of misconduct and enumerates rumors of Mr. Padilla's involvement in various prison "cliques".  The government claims that these alleged incidents justify treating this federal detainee as if he was a state inmate serving life in the Department of Corrections who stabbed a guard.  The government defers to the

U.S. Marshal Service, thus avoiding the defense of the indefensible. The government's position is untenable.

5. The reality is that Cibola County Correction Facility deals with these kinds of issues on a daily basis. It is no secret that cliques exist in jails and prisons, or that the introduction of drugs into virtually every prison or jail is a common problem. It is an issue with which CCCC, as well as the other USMS contract facilities, is well equipped to contend. CCCC has procedures and facilities for the detection of and sanctions for, detainee infractions. CCCC has a "segregation" unit for various things, including the separation of problem detainees from the rest of the facility population. There are levels of discipline of other kinds, including the revocation, and eventual and gradual restoration, of privileges in the facility.

6. The government makes much of the allegation that Mr. Padilla and others "check papers" of detainees coming into the facility. This happens at every facility; it is not unique to Mr. Padilla. Detainees check to see if the newcomer is a member of a clique or group that might be problematic in a "pod" or detainee unit. They check to see if the newcomer is a cooperator. The question is not whether these things are appropriate, or whether they are threats to the security of the institution. The question is why Mr. Padilla has been singled out for draconian and unconstitutional treatment when the many others who are involved in similar conduct are dealt with in the USMS contract facility to which they are sent, without the need to send all suspected miscreants to state "super-max".

7. There is simply no reason that Mr. Padilla's alleged security challenges could not have been dealt with at the CCCC facility or at one of the other USMS contract

facilities. There is no justification for Mr. Padilla's placement in solitary confinement at PNM North.

8. The government spends much of its response addressing the law regarding justification of detention of defendants pretrial, declining to address the unconstitutional conditions detailed in the motion. The standards are well known and not controversial. Application of those standards is subject to the discretion of the Court and is not immutable or inflexible. It is that discretion that Mr. Padilla asks the Court to apply. In the alternative to the request that the Court order a change in Mr. Padilla's conditions of confinement, Mr. Padilla will propose a release plan which would include all conditions reasonably necessary to assure Mr. Padilla's appearance and the safety of the community.

**WHEREFORE**, Robert Padilla, Defendant herein, respectfully requests the Court to review the conditions of his pretrial detention as described in the motion, or in the alternative reconsider the detention order previously imposed and impose appropriate conditions of pretrial release; and to provide such other and further relief to which the Court may find Mr. Padilla to be justly entitled.

Respectfully submitted,

*/s/ Ronald Gainor*
Ronald Gainor
Gainor & Donner
10722 Ashford Circle
Highlands Ranch, CO 80126
(720) 201-3036
gainorlaw@gmail.com
Counsel for Defendant Robert Padilla

/s/ *Marc H. Robert*
MARC H. ROBERT
P.O. Box 25271
Albuquerque, New Mexico 87102
575.571.7435
m505robert@gmail.com
Counsel for Defendant Robert Padilla

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2022, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all counsel of record.

*s/ Marc H. Robert*