# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                       No. CR 22-0634 JB

ROBERT PADILLA, a.k.a. "Fat Head"
and GARY COCA,

      Defendants.

## PRELIMINARY MEMORANDUM OPINION[1]

| Statement | Objections | Ruling |
|---|---|---|
| Statement 1: "Did you see, I got that fucker" or "We got that Smurf fucker" (or words to that effect).<br><br>Declarants: Marcos Ruiz<br><br>to Robert Padilla Source:<br><br>CW1<br><br>Date: On or about July 22, 2019 | N/A | Admitted. The parties agree on the admissibility of the statement. See United States' Notice of Supplemental James Statements at 2, filed November 20, 2023 (Doc. 174)("Supplemental James Statements"); Draft Transcript of Motion Hearing at 62:11-13 (held December 1, 2023)(Castellano)("Dec. 1 Tr.").[2] |
| Statement 2: SNM member Victor Silva | In his filing in response to the United States' Supplemental | The statement is not admissible as a coconspirator statement, because |

---

[1]This Memorandum Opinion ruling on the admissibility of the United States' list of statements under United States v. James, 590 F.2d 575 (5th Cir. 1979), is incomplete and preliminary. See United States' Notice of Supplemental James Statements, filed November 20, 2023 (Doc. 174)("Supplemental James Statements").  The Court files this unfinished and incomplete Memorandum Opinion to assist the parties by giving them an idea of the Court's rulings.  This Memorandum Opinion is subject to change.  The final Memorandum Opinion and Order is forthcoming.

[2]The Court's citations to the hearing transcript refer to the court reporter's original, unedited version.  Accordingly, page and line numbers are subject to slight change in the final, filed transcript.

said he was being supplied drugs from Robert Padilla and Silva delivered drugs to various locations in Albuquerque.

Declarant: Victor Silva

Source: Billy Cordova

Date: In 2005

James Table, Padilla "objects to statements 2 through 9 as reflected in the supplemental James table on hearsay grounds, and respectfully reserves the right to raise such further objections as may become necessary in the context of the trial as it proceeds." Notice of Objections to Government's Supplemental James Table at 1, filed November 24, 2023 (Doc. 181)("Supplemental James Response").

Beyond this general objection, at the December 1 hearing, Padilla objected that "the existence of [a] buyer-seller relationship alone does not establish the existence of a conspiracy," and therefore the statement in question is not "subject to the exceptions to the hearsay rule for coconspirator statement." Dec. 1 Tr. at 64:23-65:2 (Robert).

Regarding the possibility that the statement could come in as a statement against interest under rule 804(b)(3), Padilla asserted that -- to the extent the statement is against somebody's penal interest -- it is "against Mr. Silva's interest," Dec. 1 Tr. at 71:13 (Robert), and suggested Padilla's role in the first half of the statement would be irrelevant if the statement were to be admitted with the omission of Padilla's name,

the United States has not shown -- by a preponderance of the evidence -- that this statement was made during the course of and in furtherance of a conspiracy "to distribute controlled substances in which Victor Silva said he was being supplied drugs from Robert Padilla, and Silva was delivering those drugs to various locations in Albuquerque." Dec. 1 Tr. at 64:12-15 (Castellano).

The statement is potentially admissible, however, as a statement against interest under rule 804(b)(3) of the Federal Rules of Evidence. The United States Court of Appeals for the Tenth Circuit has recently reaffirmed that statements incriminating someone else may be self-inculpatory under rule 804(b)(3)'s hearsay exception. See United States v. Yellowhorse, No. 23-2011, 2023 WL 8042977 (10th Cir. Nov. 21, 2023)(Bacharach, J.). Moreover, in United States v. Yellowhorse the Tenth Circuit concluded that the district court had erred by excluding certain portions of a declarant's self-inculpatory statement just because those statements incriminated a third-party (the third party, in that instance -- as here -- was the defendant). See United States v. Yellowhorse, 2023 WL 8042977, at *2-3. The Tenth Circuit held that the application of the hearsay exception in these circumstances depends on the "context" of the statements: "For example, the court might decline to apply the hearsay exception when the declarant deflects responsibility by

| | | |
|---|---|---|
| | Dec. 1 Tr. at 72:12-73:17 (Court, Castellano, Robert). | shifting the blame to a third-party." United States v. Yellowhorse, 2023 WL 8042977, at *2 (citing Williamson v. United States, 512 U.S. 594, 604 (1994)).  On the other hand, "a statement might be self-inculpatory when the declarant admits guilt while implicating someone else in the crime."  United States v. Yellowhorse, 2023 WL 8042977, at *2 (citing Williamson v. United States, 512 U.S. at 606 (Scalia, J., concurring)).  Here, as in United States v. Yellowhorse, Mr. Silva's statements might be self-inculpatory even though they also implicate Padilla, and it does not appear that Mr. Silva's statements were made with the intention of shifting the blame to Padilla, and therefore the portions of the statement that implicate Padilla possibly do not fall outside the hearsay exception.  See United States v. Yellowhorse, 2023 WL 8042977, at *2-3.

However, "[e]ven when an out-of-court statement is self-inculpatory, the hearsay exception applies only when 'corroborating circumstances . . . clearly indicate . . . trustworthiness.'"  United States v. Yellowhorse, 2023 WL 8042977, at *3 (quoting Fed. R. Evid. 804(b)(3)(B)).  At this time, the Court has no factual basis on which it can make a preponderance of the evidence finding as to trustworthiness.  Should such a factual foundation be established, however, the Court will reevaluate the admissibility of statement two under rule 804(b)(3)'s hearsay exception. |

| | | |
|---|---|---|
| | | Moreover, the Court would need further development of the factual context of the statements to fully evaluate "in light of all the surrounding circumstances," Williamson v. United States, 512 U.S. at 604, whether the statements are truly against the declarant's penal interest such that "a reasonable person in the declarant's position would have made [them] only if the person believed it to be true." Fed. R. Evid. 804(b)(3)(A). See United States v. Smalls, 605 F.3d 765, 780-87 (10th Cir. 2010). |
| Statements 3 and 4: Leroy Lucero said Robert Padilla was a good dude who gave the SNM a lot of skina. Lucero described Padilla as being like SNM member Chris Garcia, in that he provided the SNM a lot of dope and work.<br><br>Declarant: Leroy Lucero<br><br>Source: Billy Cordova<br><br>Date: In 2006 | Beyond the general "hearsay" objection offered in the Supplemental James Response at 1, Padilla asserted at the December 1 hearing that that "[a] conversation between two members of the enterprise where they're discussing the merits of another individual who's not a member of the organization . . . doesn't seem to me to be involved in or in furtherance of a conspiracy, it's just idle chatter." Dec. 1 Tr. at 69:9-15 (Robert). | Inadmissible as the statements of a coconspirator. While the Court acknowledges that the Tenth Circuit has held that -- under certain circumstances -- "statements identifying members of a conspiracy are statements 'in furtherance of' a conspiracy," United States v. Williamson, 53 F.3d 1500, 1520 (10th Cir. 1995)(source of quoted material not cited), such identifying statements must still be shown to "facilitate[]" the conspiracy in some way -- viz. they must be made in furtherance of the conspiracy, United States v. Caro, 965 F.2d 1548, 1557 (10th Cir. 1992). Here, the Court is not persuaded that statements three and four were made in furtherance of an alleged conspiracy.[3] |

--------

[3]The United States argues that statements three and four are part of a conspiracy that took place in "approximately 2006," Dec. 1 Tr. at 70:13 (Castellano), and included the following three members: "Leroy Lucero, Robert Padilla, and potentially Billy Cordova," Dec. 1 Tr. at 69:23-24 (Castellano). When asked about the purpose of this alleged conspiracy, the United States responded: "I think you could have a racketeering conspiracy or a drug conspiracy, because Mr.

| | | |
|---|---|---|
| Statement 5: SNM member Dominic Gutierrez, SNM member Danny Garcia, and Robert Padilla discussed using a female to smuggle drugs into a federal SNM member during a visit.<br><br>Declarant: Gutierrez, Garcia, and Padilla<br><br>Source: Billy Cordova<br><br>Date: In 2010-2011 | None beyond the general "hearsay" objection in the Supplemental <u>James</u> Response.  <u>See</u> Supplemental <u>James</u> Response at 1. | Solely on the basis of the facts provided, statements related to this alleged scheme could be admissible as statements of coconspirators under rule 801(d)(2)(E).  However, the United States would need to prove by a preponderance of the evidence that (i) the conspiracy existed; (ii) the various declarants -- including Padilla -- were members of that conspiracy; and (iii) the were made during the course and in furtherance of that conspiracy.  <u>See</u> <u>United States v. Vigil</u>, No. CR 05-2051, 2006 WL 4109681, at *3 (D.N.M. Aug. 31, 2006)(Browning, J.)(citing <u>United States v. Sinclair</u>, 109 F.3d 1527, 1533 (10th Cir. 1997)). |
| Statements 6 and 7: Billy Cordova ordered heroin from Robert Padilla's SNM distributors, John Salazar and Reynaldo Lopez on at least two occasions. On both occasions, Salazar and Lopez confirmed the heroin was from Padilla, that it had not been cut, and that people had been "falling out" on the heroin because it was so pure.<br><br>Declarant: Salazar and Lopez<br><br>Source: Billy Cordova | None beyond the general "hearsay" objection in the Supplemental <u>James</u> Response.  <u>See</u> Supplemental <u>James</u> Response at 1. | Inadmissible as a coconspirator statement, as the Court cannot conclude that these statements were made "in furtherance of" an alleged conspiracy to distribute controlled substances.  Fed. R. Evid. 801(d)(2)(E).<br><br>The statements are potentially admissible, however, as statements against interest under rule 804(b)(3).  <u>See</u> Analysis supra regarding <u>United States v. Yellowhorse</u>, 2023 WL 8042977. However, the admissibility of these statements under this hearsay exception is contingent on the United States demonstrating both that the declarants are "unavailable," Fed. R. Evid. 804, and also that adequate |

Lucero is describing the way that the defendant helps to benefit the enterprise by providing the drugs and work for them."  Dec. 1 Tr. at 70:15-19 (Castellano).

| | | |
|---|---|---|
| Date: In 2010-2011 | | corroboration indicates the statement's trustworthiness. Fed. R. Evid. 804(b)(3)(B).<br><br>Moreover -- and perhaps a more difficult hurdle for the government -- the Court would need further development of the factual context of the statements to fully evaluate "in light of all the surrounding circumstances," Williamson v. United States, 512 U.S. at 604, whether the statements are truly against the declarant's penal interest such that "a reasonable person in the declarant's position would have made [them] only if the person believed it to be true." Fed. R. Evid. 804(b)(3)(A). See United States v. Smalls, 605 F.3d at 780-87. |
| Statement 8: An SNM associate (who was also an inmate), possibly Gilbert Gonzales, told Billy Cordova that he got his drugs from Robert Padilla and that this inmate was "hitting" a lot of dope through the mail and a case worker at the North facility.<br><br>Declarant: An inmate, possibly Gilbert Gonzales<br><br>Source: Billy Cordova<br><br>Date: In 2019 | None beyond the general "hearsay" objection in the Supplemental James Response. See Supplemental James Response at 1. | Inadmissible as a coconspirator statement, as the Court cannot conclude that these statements were made "in furtherance of" an alleged conspiracy to distribute controlled substances. Fed. R. Evid. 801(d)(2)(E).<br><br>The statements are potentially admissible, however, as statements against interest under rule 804(b)(3). See Analysis supra regarding United States v. Yellowhorse, 2023 WL 8042977. However, the admissibility of these statements under this hearsay exception is contingent on the United States demonstrating both that the unspecified inmate declarant is "unavailable," Fed. R. Evid. 804, and also that adequate corroboration indicates the statement's trustworthiness. Fed. R. Evid. 804(b)(3)(B). |

| | | |
|---|---|---|
| | | Moreover, the Court would need further development of the factual context of the statements to fully evaluate "in light of all the surrounding circumstances," <u>Williamson v. United States</u>, 512 U.S. at 604, whether the statements are truly against the declarant's penal interest such that "a reasonable person in the declarant's position would have made [them] only if the person believed it to be true." Fed. R. Evid. 804(b)(3)(A).  <u>See United States v. Smalls</u>, 605 F.3d at 780-87. |
| Statement 9: Glen Greenyear told Gary Coca that "Primo Robert hooked it up" (or words to that effect) after Robert Padilla sent drugs to Greenyear in prison.<br><br>Declarant: Glen Greenyear<br><br>Source: Gary Coca<br>Date: In approximately 1999-2000 | None beyond the general "hearsay" objection in the Supplemental <u>James</u> Response.  <u>See</u> Supplemental <u>James</u> Response at 1. | Inadmissible as a coconspirator statement, as the Court cannot conclude that these statements were made "in furtherance of" an alleged conspiracy to distribute, or traffic, controlled substances. Fed. R. Evid. 801(d)(2)(E).<br><br>The statements are potentially admissible, however, as statements against interest under rule 804(b)(3).  <u>See</u> Analysis supra regarding <u>United States v. Yellowhorse</u>, 2023 WL 8042977. However, the admissibility of these statements under this hearsay exception is contingent on the United States demonstrating both that Glen Greenyear is "unavailable," Fed. R. Evid. 804, and also that adequate corroboration indicates the statement's trustworthiness. Fed. R. Evid. 804(b)(3)(B).<br><br>Perhaps an even greater hurdle, the Court would need further |

|  |  | development of the factual context of the statements to fully evaluate "in light of all the surrounding circumstances," <u>Williamson v. United States</u>, 512 U.S. at 604, whether the statements are truly against the declarant's penal interest such that "a reasonable person in the declarant's position would have made [them] only if the person believed it to be true." Fed. R. Evid. 804(b)(3)(A).  <u>See United States v. Smalls</u>, 605 F.3d at 780-87. |
| --- | --- | --- |

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Alexander M.M. Uballez
    United States Attorney
Maria Y. Armijo
Randy M. Castellano
Ryan Ellison
    Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Marc H. Robert
Marc H. Robert, Attorney
Albuquerque, New Mexico

-and-

Ronald Gainor
Gainor & Donner
Highlands Ranch, Colorado

*Attorneys for Robert Padilla*

Jane Greek
Las Cruces, New Mexico

*Attorney for Gary Coca*