IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                      No. CR 22-0634 JB

ROBERT PADILLA, a.k.a. "Fat Head"
and GARY COCA,

       Defendants.

**COURT'S ~~EIGHTH~~ NINTH PROPOSED FINAL JURY INSTRUCTIONS**
(with citations)

## JURY INSTRUCTION NO. 1

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case -- for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 2, **PROPOSED INSTRUCTION NO. 1**, filed November 6, 2023 (Doc. 163)("United States' Proposed Jury Instructions").

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 1,** at 2.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.03**, at 8 (2023)(**INTRODUCTION TO FINAL INSTRUCTIONS**).

## JURY INSTRUCTION NO. 2

You, as jurors, are the judges of the facts.  But in determining what actually happened -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 3, **PROPOSED INSTRUCTION NO. 2**.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 2,** at 3**.**

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.04,** at 9 (2023)(**DUTY TO FOLLOW INSTRUCTIONS**).

- 3 -

## JURY INSTRUCTION NO. 3

The government has the burden of proving Defendant Robert Padilla guilty beyond a reasonable doubt.  The law does not require Mr. Padilla to prove his innocence or produce any evidence at all. The government has the burden of proving Mr. Padilla guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Padilla not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Padilla's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning Mr. Padilla's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  If, based on your consideration of the evidence, you are firmly convinced that Mr. Padilla is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 3, **PROPOSED INSTRUCTION NO. 3**.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 3,** at 4 (modified).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.05**, at 10 (2023)(**PRESUMPTION OF INNOCENCE -- BURDEN OF PROOF -- REASONABLE DOUBT**).

- 4 -

## JURY INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 5, **PROPOSED INSTRUCTION NO. 4**.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 4,** at 6**.**

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.06**, at 13 (2023)(**EVIDENCE -- DEFINED**)(adapted).

## JURY INSTRUCTION NO. 5

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 6, **PROPOSED INSTRUCTION NO. 5**.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 6,** at 9.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.07,** at 15 (2023)(**EVIDENCE -- DIRECT AND CIRCUMSTANTIAL -- INFERENCES**).

- 6 -

**JURY INSTRUCTION NO. 6**

I remind you that it is your job to decide whether the government has proved the guilt of Mr. Padilla beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or Mr. Padilla? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection -- like failure of recollection -- is not uncommon.

Mr. Padilla did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to Mr. Padilla the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind

- 7 -

may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 7-8, **PROPOSED INSTRUCTION NO. 6**.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 7,** at 10-11**.**

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.08**, at 16-17 (2023)(**CREDIBILITY OF WITNESSES**).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.08.1**, at 18 (2023)(**NON-TESTIFYING DEFENDANT**).

- 8 -

## JURY INSTRUCTION NO. 7

You have heard the testimony of Conferina Halpern, Rebecca Duran, Gary Coca, and Phillip Garcia. You have also heard that, before this trial, they made a statement that may be different from their testimony here in court.

The earlier statements were brought to your attention only to help you decide how believable their testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating their testimony here in court.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 8,** at 13 (modified)**.**

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL   PATTERN   JURY   INSTRUCTIONS   §   1.10**, at 23 (2023)(**IMPEACHMENT BY PRIOR INCONSISTENCIES**).

- 9 -

## JURY INSTRUCTION NO. 8

The testimony of a witness may be discredited or impeached by showing that the witness previously had been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years or of a crime of dishonesty or false statement.  A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness.  You may decide how much weight to give any prior felony conviction or crime of dishonesty that was used to impeach a witness.

*United States v. DeLeon,* et al. (15-4268), Trial 1, Jury Instruction No. 10 (modified).

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 9, **PROPOSED INSTRUCTION NO. 7**.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 9,** at 14 (modified)**.**

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.12**, at 25 (2023)(**IMPEACHMENT BY PRIOR CONVICTION (Witness Other Than Defendant)**)(adapted).

- 10 -

## JURY INSTRUCTION NO. 9

### Accomplice

An accomplice is someone who joined with another person in committing a crime, voluntarily and with common intent.  The testimony of an accomplice may be received in evidence and considered by you, even though it is not supported by other evidence.  You may decide how much weight it should have.

You are to keep in mind, however, that accomplice testimony should be received with caution and considered with great care.  You should not convict Mr. Padilla based on the unsupported testimony of an alleged accomplice, unless you believe the unsupported testimony beyond a reasonable doubt.

### Informant

An informant is someone who provides evidence against someone else for a personal reason or advantage.  The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence.  You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness.  You must determine whether the informant's testimony has been affected by self-interest, by an agreement he has with the government, by his own interest in the outcome of the case, or by prejudice against Mr. Padilla.

You should not convict Mr. Padilla based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.


**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 10-11, **PROPOSED INSTRUCTION NO. 8** (modified).

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 11,** at 16-18 (modified).

- 11 -

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.14**, at 27-28 (2023)(**ACCOMPLICE -- INFORMANT -- IMMUNITY**)(modified).

## JURY INSTRUCTION NO. 10

The government called as one of its witnesses an alleged accomplice, who was named as a co-defendant in the indictment.  The government has entered into a plea agreement with the co-defendant, providing for the possibility of a recommendation of a lesser sentence than the co-defendant would otherwise likely receive.  Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying.  On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict.  You should receive this type of testimony with caution and weigh it with great care.  You should never convict Mr. Padilla upon the unsupported testimony of an alleged accomplice, unless you believe that testimony beyond a reasonable doubt.  The fact that an accomplice has entered a guilty plea to the offense charged is not evidence of the guilt of any other person.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 55, **PROPOSED INSTRUCTION NO. 33** (modified).

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 12,** at 19 (modified)**.**

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.15,** at 29 **(2023 Edition)(ACCOMPLICE -- CO-DEFENDANT -- PLEA AGREEMENT)**(adapted).

## JURY INSTRUCTION NO. 11

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

Lupe Urquizo, Rebecca Duran, Jake Messier, Cole Frederickson, Benjamin Clark, Roy Martinez, and Gary Coca may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 13,** at 20 (modified).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.16,** at 30 **(2023 Edition)(ACCOMPLICE -- CO-DEFENDANT -- PLEA AGREEMENT)**(adapted).

## JURY INSTRUCTION NO. 12

During the trial you heard the testimony of Adam Wolff who expressed opinions concerning buprenorphine (suboxone), and Dr. Catherine Nicka who expressed opinions concerning forensic pathology.  In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 54, **PROPOSED INSTRUCTION NO. 32** (modified).

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 14,** at 21 (modified).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.17,** at 31 **(2023 Edition)(EXPERT WITNESS)**(adapted).

United States v. Starzecpyzel, 880 F.Supp. 1027, 1050-51 (S.D.N.Y. 1995); President's Council of Advisors on Science and Technology, Forensic Science in Criminal Courts: Ensuring Scientific Validity of Feature Comparison Methods (Sept. 20, 2016); President's Council of Advisors on Science and Technology, An Addendum to the PCAST Report on Forensic Science in Criminal Court.

- 15 -

## JURY INSTRUCTION NO. 13

Evidence has been presented about a statement attributed to Mr. Padilla alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of Mr. Padilla, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 58, **PROPOSED INSTRUCTION NO. 36** (modified).

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 15,** at 22-23 (modified).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.25,** at 40 **(2023 Edition)(VOLUNTARINESS OF STATEMENT BY DEFENDANT (Single Defendants))**(modified).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.26,** at 42 **(2023 Edition)(CONFESSION-STATEMENT -- VOLUNTARINESS BY DEFENDANT (Multiple Defendants))**(modified).

## JURY INSTRUCTION NO. 14

The government must prove, beyond a reasonable doubt, that the offense(s) charged in this case was actually committed and that it was Mr. Padilla who committed it. Thus, the identification of Mr. Padilla as the person who committed the offense(s) charged is a necessary and important part of the government's case.

You should evaluate the credibility of any witness making an identification in the same manner as you would any other witness. You should also consider at least the following questions:

Did the witness have the ability and an adequate opportunity to observe the person who committed the offense(s) charged? You should consider, in this regard, such matters as the length of time the witness had to observe the person in question, the lighting conditions at that time, the prevailing visibility, the distance between the witness and the person observed, and whether the witness had known or observed the person before.

Is the testimony about an identification made after the commission of the crime(s) the product of the witness's own recollection? In this regard, you should consider very carefully the circumstances under which the later identification was made, including the manner in which Mr. Padilla was presented to the witness for identification and the length of time that elapsed between the crime(s) and the witness's subsequent identification.

If, after examining all of the testimony and evidence in this case, you have a reasonable doubt as to the identity of Mr. Padilla as the person who committed the offense(s) charged, you must find Mr. Padilla not guilty.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 16,** at 24-25 (modified).

- 17 -

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.29,** at 46 **(2023 Edition)(IDENTIFICATION TESTIMONY)**(adapted).

<u>**JURY INSTRUCTION NO. 15**</u>

Evidence has been introduced tending to establish an alibi -- that Mr. Padilla was not present at the time when, or at the place where, Mr. Padilla is alleged to have committed the offense charged in the indictment.

The government has the burden of proving that Mr. Padilla was present at that time and place. Unless the government proves this beyond a reasonable doubt, you must find Mr. Padilla not guilty, unless I explicitly instruct you otherwise in these instructions.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 40,** at 59 (modified).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.35,** at 56 **(2023 Edition)(DEFENDANT'S NON-INVOLVEMENT (ALIBI))**.

## JURY INSTRUCTION NO. 16

In the Indictment, the Grand Jury charges:

### Count 1

### Murder of Leroy Lucero

The SNM gang enterprise, through its members and associates, engaged in racketeering activity as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), that is, acts and threats involving murder, robbery, and extortion in violation of New Mexico law, acts indictable under 18 U.S.C. §§ 1503, 1512, and 1513 and offenses involving trafficking in narcotics in violation of 21 U.S.C. §§ 841 and 846.

On or about July 22, 2019, in San Miguel County, in the District of New Mexico, for the purpose of gaining entrance to or maintaining or increasing position in the SNM Gang, an enterprise engaged in racketeering activity, the defendant, **ROBERT PADILLA, a.k.a. "Fat Head,"** unlawfully, knowingly, and intentionally murdered Leroy Lucero, in violation of NMSA 1978, Sections 30-2-1 and 30-1-13.

In violation of 18 U.S.C. §§ 1959(a)(1) and 2.

- 20 -

Count 2

Retaliation Against a Witness, Victim, and Informant

On or about July 22, 2019, in San Miguel County, in the District of New Mexico, the defendants, **ROBERT PADILLA, a.k.a. "Fat Head,"** and **GARY COCA**, killed Leroy Lucero with the intent to retaliate against Leroy Lucero for providing to a law enforcement officer information relating to the commission of a federal offense.

In violation 18 U.S.C. §§ 1513(a)(1)(B) and 2.

Count 3

Killing While Engaged in Drug Trafficking

From on or about September 17, 2018, and continuing to on or about September 10, 2019, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **ROBERT PADILLA, a.k.a. "Fat Head,"** while engaged in an offense punishable under 21 U.S.C. § 841(b)(1)(A), to wit: conspiracy to distribute a controlled substance, which offense involved (a) 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, (b) 1 kilogram and more of a mixture and substance containing a detectable amount of heroin, (c) 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (N-phenly-N-[1-(2-phenylethly)-4-piperidinly] propenamide), knowingly and intentionally killed or caused the intentional killing of another person, Leroy Lucero, and such killing resulted.

In violation of 21 U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2.

- 21 -

Count 4

Using, Carrying, Brandishing, Possessing in Furtherance of, and Discharging a Firearm
During and in Relation to, a Crime of Violence or Drug Trafficking Crime and
Causing Death Through Use of the Firearm

On or about July 22, 2019, in San Miguel County, in the District of New Mexico, the

defendant, **ROBERT PADILLA, a.k.a. "Fat Head,"** knowingly used, carried, or brandished,

during and in relation to a crime of violence or drug trafficking crime for which the defendant may

be prosecuted in a court of the United States, specifically, violent crimes in aid of racketeering

(murder) as charged in Count 1 of this indictment, or killing while engaged in drug trafficking as

charged in Count 3 of this indictment; and possessed and brandished said firearm in furtherance

of such crimes; and the firearm was discharged; and in the course of said offenses caused the death

of Leroy Lucero, through the use of a firearm, which killing is a murder as defined in 18 U.S.C.

§ 1111(a).

In violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (iii), 924(j)(1), and 2.

Count 5

Tampering with a Witness, Victim or Informant by Physical Force or Threat

On or about November 25, 2020, in Cibola County, in the District of New Mexico, the

defendant, **ROBERT PADILLA, a.k.a. "Fat Head,"** used or attempted to use physical force or

the threat of physical force against Phillip Garcia with the intent to influence, delay, or prevent

Phillip Garcia from communicating with a law enforcement officer information relating to the

commission of Federal offenses, that is, drug trafficking or the murder of a federal witness.

In violation of 18 U.S.C. §§ 1512(a)(2)(C) and 2.

- 22 -

## Count 6

### Conspiracy

From on or about June 2022, and continuing to on or about September 21, 2022, in Santa Fe County, in the District of New Mexico, and elsewhere, the defendant, **ROBERT PADILLA, a.k.a. "Fat Head,"** unlawfully, knowingly and intentionally combined, conspired, confederated, agreed, and acted interdependently with other persons whose names are known and unknown to the Grand Jury to commit an offense defined in 21 U.S.C. § 841(a)(1), specifically, distribution of a controlled substance.

### Quantity of Buprenorphine (Suboxone) Involved in the Conspiracy

With respect to **ROBERT PADILLA, a.k.a. "Fat Head,"** the amount of buprenorphine involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a mixture and substance containing a detectable amount of buprenorphine, contrary to 21 U.S.C. §§ 841(a)(1) and 21 U.S.C. § 841(b)(1)(E).

In violation of 21 U.S.C. § 846.

### Count 7

### Possession with Intent to Distribute Buprenorphine

On or about September 6, 2022, in Santa Fe County, in the District of New Mexico, the defendant, **ROBERT PADILLA, a.k.a. "Fat Head,"** unlawfully, knowingly, and intentionally possessed with intent to distribute a controlled substance, and the offense involved a mixture and substance containing a detectable amount of buprenorphine.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(E), and 18 U.S.C. § 2.

Count 8

Possession of Contraband in Prison

On or about September 6, 2022, in Santa Fe County, in the District of New Mexico, the

defendant, **ROBERT PADILLA, a.k.a. "Fat Head,"** a pretrial detainee of the Penitentiary of

New Mexico, a facility in which persons are held in custody by direction of and pursuant to a

contract and agreement with the Attorney General, possessed a prohibited object, specifically,

buprenorphine.

In violation of 18 U.S.C. §§ 1791(a)(2) and 2.


**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 13-23, **PROPOSED INSTRUCTION NO. 10** (adapted).

- 24 -

## JURY INSTRUCTION NO. 17

The word "racketeering" has certain implications in our society.  Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of Mr. Padilla has been proven.  The term is only a term used by Congress to describe the statute.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 26, **PROPOSED INSTRUCTION NO. 13**.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 20,** at 29 (modified).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 2.74.1,** at 259 (2023)(**RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT (Prejudice from the Word "Racketeering")**).

**JURY INSTRUCTION NO. 18**

Title 18, United States Code, Section 1959(a), makes it a crime for anyone to commit, threaten to commit, attempt to commit, or conspire to commit a violent crime in aid of an enterprise engaged in racketeering activity.

For you to find Mr. Padilla guilty of this crime, as charged in Count 1, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        The existence of an "enterprise" as alleged in the Indictment and defined in 18 U.S.C. § 1959(b)(2);

*Second*:        That the charged enterprise engaged in, or its activities affected, interstate commerce;

*Third*:        That the charged enterprise engaged in "racketeering activity" as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1);

*Fourth*:        That Mr. Padilla committed a crime of violence, or conspired to commit, a crime of violence, as alleged in the indictment: Murder of Mr. Lucero.

I will instruct you on what the government must prove to establish that Mr. Padilla committed this act; and

*Fifth*:        Mr. Padilla's purpose in committing, threatening to commit, attempting to commit, conspiring to commit the crime of violence was to gain entrance to, or to maintain or to increase his position, in the charged enterprise.

If the purpose is to "gain entrance to, or to maintain, or to increase his position in the enterprise," it is not necessary for the government to prove that this was the sole purpose of Mr. Padilla in committing the charged crime. You need only find that it was a substantial purpose, or that Mr. Padilla committed the charged crime as an integral aspect of membership in the enterprise.

- 26 -

In determining Mr. Padilla's purpose in committing the alleged crime, you must determine purpose by considering only the facts and circumstances that have been admitted against Mr. Padilla during the course of the trial.

An "enterprise" includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate commerce.

Although the enterprise must be separate and apart from the pattern of racketeering activity in which the enterprise allegedly engaged, it is not necessary to find that the enterprise had some function wholly unrelated to the racketeering activity. The enterprise must be proved to have been an ongoing organization, formal or informal, that functioned as a continuing unit.

An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the indictment. Therefore, the government must prove the existence of an association-in-fact enterprise by evidence of an ongoing organization, formal or informal, and by evidence that the various associates functioned as a continuing unit. The enterprise must have the three following structural features: (1) a purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose. The name of the organization itself is not an element of the offense and does not have to be proved. The government need not prove that the enterprise had any particular organizational structure.

The group need not have a hierarchical structure or a "chain of command"; decisions may be made on an ad hoc basis and by any number of methods -- by majority vote, consensus, a show of strength, etc. Members of the group need not have fixed roles; different members may perform

different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, you may nonetheless find that the enterprise element is satisfied by finding a group whose associates engage in spurts of activity punctuated by periods of quiescence (inactivity).

The enterprise is "engaged in interstate commerce" if it directly engaged in the distribution or acquisition of goods or services in such commerce. The enterprise's conduct "affected" interstate commerce if the conduct had a demonstrated connection or link with such commerce.

It is not necessary for the government to prove that Mr. Padilla knew or intended that the enterprise was engaged in commerce or that its conduct would affect commerce. It is only necessary that the natural consequences of the enterprise's conduct affected commerce in some way. Only a minimal effect on commerce is necessary.

There must be some nexus between the enterprise and the racketeering activity being conducted by members and/or associates of the enterprise.

*United States v. DeLeon*, et al. (15-4268), Trial 1, Jury Instruction No. 24.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 29-30, **PROPOSED INSTRUCTION NO. 14**.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 24,** at 33-36 (modified).

Committee on Pattern Jury Instructions for the United States Court of Appeals for the Fifth Circuit, **PATTERN JURY INSTRUCTIONS (Criminal Cases) 2.78** at 339-342 **(2019 Edition) (VIOLENT CRIMES IN AID OF RACKETEERING 18 U.S.C. § 1959(a))**(adapted).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 2.74.2,** at 260 (2023)(**RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT --**

- 28 -

**"SECTION A" (Elements of the Offense)**)(adapted).

United States v. Garcia, 74 F.4th 1073 (10th Cir. 2023).

## JURY INSTRUCTION NO. 19

The first element that the government must prove beyond a reasonable doubt is that an "enterprise" existed as alleged in the indictment.

The government has charged the following in the Indictment as constituting the enterprise: the Syndicato de Nuevo México (SNM) in Count 1.

An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. This group of people must have: (1) a common purpose; (2) an ongoing organization, either formal or informal; and (3) personnel who function as a continuing unit.

If you find these three elements, then you may find that an enterprise existed.

*United States v. DeLeon*, et al. (15-4268), Trial 1, Jury Instruction No. 25

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 31, **PROPOSED INSTRUCTION NO. 15**.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 25,** at 37 (modified).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 2.74.3**, at 261 (2023)(**RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT -- "SECTION A" (First Element -- The Enterprise)**)(adapted).

Committee on Pattern Jury Instructions for the United States Court of Appeals for the Fifth Circuit, **PATTERN JURY INSTRUCTIONS (Criminal Cases) 2.78** at 340 **(2019 Edition) (VIOLENT CRIMES IN AID OF RACKETEERING 18 U.S.C. § 1959(a))**(adapted).

## JURY INSTRUCTION NO. 20

The second element the government must prove beyond a reasonable doubt as to Count 1 is that the enterprise was engaged in or had an effect upon interstate commerce.

Interstate commerce includes the movement of goods, services, money and individuals between states.

The government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal.  It is not necessary to prove that the acts of Mr. Padilla affected interstate commerce as long as the acts of the enterprise had such effect.  Finally, the government is not required to prove that Mr. Padilla knew he was affecting interstate commerce.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 32, **PROPOSED INSTRUCTION NO. 16.**

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 2.74.4**, at 265 (2023)(**RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT -- "SECTION A" (Second Element -- Effect on Interstate Commerce)**)(adapted).

## JURY INSTRUCTION NO. 21

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.  Commerce includes travel, trade, transportation and communication.

Foreign commerce means commerce between any part of the United States (including its territorial waters), and any other country (including its territorial waters).

Commerce includes travel, trade, transportation and communication.


**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 33, **PROPOSED INSTRUCTION NO. 17** (modified).

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 27,** at 39 (modified).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.39**, at 62 (2023)(**INTERSTATE AND FOREIGN COMMERCE -- DEFINED 18 U.S.C. § 10**).

- 32 -

## JURY INSTRUCTION NO. 22

The third element which the government must prove beyond a reasonable doubt as to Count 1 is that the enterprise was engaged in racketeering activity.

That racketeering activity may consist of state offenses as well as federal offenses.  The government has charged that the SNM engaged in multiple acts of racketeering activity consisting of the following: (1) murder and robbery, in violation of New Mexico law; (2) acts involving tampering with a witness, in violation of federal law; and, (3) offenses involving trafficking in narcotics, in violation of federal law.

In order for the state offense of murder to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that a member or an associate of the racketeering enterprise committed the offense as defined by law.  The elements of that offense are as follows:

*First*:  someone killed a human being ~~on or about July 22, 2019~~, and

*Second*:    the killing was with the deliberate intention to take away the life of that person.

In order for the federal offense of witness tampering to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that:

*First*:  a member, prospect or associate of the racketeering enterprise used or attempted to use intimidation or threats against another person;

*Second*:    that member, prospect, or associate acted knowingly and with the intent to influence or prevent the testimony of that other person with respect to an official proceeding.

In order for the offense of possession with intent to distribute a controlled substance to be considered as a racketeering act, the government must prove to you beyond a reasonable

- 33 -

doubt that:

*First*:   a member, prospect, or associate of the SNM knowingly and   intentionally possessed a controlled substance as charged, and

*Second*:      that person possessed the substance with the intent to distribute it.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Cocaine, crack cocaine, marijuana, heroin, methamphetamine, and suboxone are controlled substances within the meaning of the law.

In order for the offense of distribution of a controlled substance to be considered as a racketeering act, the government must prove to you beyond a reasonable doubt that a member, prospect, or associate of the SNM knowingly or intentionally distributed a controlled substance.

The term "distribute" means to deliver or to transfer possession or control of something from one person to another. The term "distribute" includes the sale of something by one person to another. It is not necessary, however, for the government to prove that any transfer of money or other thing of value occurred at the same time as, or because of, the distribution.

There must be some nexus between the enterprise and the racketeering activity being conducted by members and/or associates of the enterprise.

I instruct you that "racketeering activity" includes numerous offenses, including those listed above. It is for you to determine whether the enterprise engaged in these activities as charged. You should give the words "engaged in" their ordinary, everyday meaning. For an enterprise to be engaged in racketeering activity, it is enough to show that the enterprise committed or was planning to commit some racketeering activity within a period of time short considered as a racketeering

act, the government must prove to you beyond a reasonable doubt enough under all of the circumstance so that it is appropriate to say that the enterprise was engaged in racketeering activity.

*United States v. DeLeon*, et al. (15-4268), Trial 1, Jury Instruction No. 26

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 34-36, **PROPOSED INSTRUCTION NO. 18**.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 29,** at 41-44.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.31**, at 49 (2023)(**ACTUAL OR CONSTRUCTIVE POSSESSION**).

United States v. Little, 829 F.3d 1177 (10th Cir. 2016).

Henderson v. United States, 135 S. Ct. 1780 (2015).

Jury Instruction No. 23, Document 1877, 15-CR-4268.

## JURY INSTRUCTION NO. 23

The fourth element which the government must prove beyond a reasonable doubt as to Count 1 is that Mr. Padilla murdered Leroy Lucero.

The essential elements of first degree murder under New Mexico law are provided below to aid you in deciding if the government has proven the fourth element:

1.   Mr. Padilla killed Leroy Lucero.

2.   The killing was with the deliberate intention to take away the life of Leroy Lucero.

A deliberate intention refers to the state of mind of Mr. Padilla.  A deliberate intention may be inferred from all of the facts and circumstances of the killing.  The word deliberate means arrived at or determined upon as a result of careful thought and the weighing of the consideration for and against the proposed course of action.  A calculated judgment and decision may be arrived at in a short period of time.  A mere unconsidered and rash impulse, even though it includes an intent to kill, is not a deliberate intention to kill.  To constitute a deliberate killing, the slayer must weigh and consider the question of killing and his reasons for and against such a choice.

The essential elements of second degree murder under New Mexico law are provided below to aid you in deciding if the Government has proven the fourth element:

1.   Mr. Padilla killed Leroy Lucero.

2.   Mr. Padilla knew that his acts created a strong probability of death or great bodily harm to Leroy Lucero.

3.   This happened in New Mexico on or about July 22, 2019.

You have been instructed on the crimes of first degree murder and second degree murder. You must consider each of these crimes.  You should be sure that you fully understand the elements of each crime before you deliberate further.  You will then discuss and decide whether Mr. Padilla is guilty of murder in the first degree.  If you unanimously agree that Mr. Padilla is

- 36 -

guilty of murder in the first degree, you can return a verdict of guilty of murder in the first degree. If you do not agree, you should discuss the reasons why there is a disagreement.

If, after reasonable deliberation, you do not agree that Mr. Padilla is guilty of murder in the first degree you should move to a discussion of murder in the second degree.  If you unanimously agree that Mr. Padilla is guilty of murder in the second degree, you can return a verdict of guilty of murder in the second degree.  If you do not agree you should discuss the reasons why there is a disagreement.

You may not find Mr. Padilla guilty of more than one of the foregoing crimes.  If you have a reasonable doubt as to whether Mr. Padilla committed any of these crimes, you must determine that he is not guilty of that crime.  If you find him not guilty of this crime, you must return a verdict of not guilty.

*United States v. DeLeon*, et al. (15-4268), Trial 1, Jury Instruction No. 27 and 28 (modified)

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 37-38, **PROPOSED INSTRUCTION NO. 19**.

UJI 14-201 NMRA

UJI 14-210 NMRA

UJI 14-250 NMRA

## JURY INSTRUCTION NO. 24

Your verdict must be unanimous.   Count 1 of the indictment accuses Mr. Padilla of committing the following acts: first degree murder and second degree murder.

The government does not have to prove both of these different acts for you to return a guilty verdict on Count 1.

But in order to return a guilty verdict, all twelve of you must agree upon which of the listed acts, if any, Mr. Padilla committed and that he committed at least one of the acts listed.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.24**, at 39 (2023)(**UNANIMITY OF THEORY**).

**JURY INSTRUCTION NO. 25**

The fifth and final element of Count 1 that the government must prove beyond a reasonable doubt is that Mr. Padilla's general purpose in committing the underlying crimes of violence was to maintain or increase his position in (or to gain entrance to) the enterprise.

The government is required to prove that Mr. Padilla's general purpose was to maintain or increase his position in the enterprise. The government is not required to prove that it was Mr. Padilla's sole or principal motive.

In determining whether Mr. Padilla's purpose in committing the underlying crime of violence was to maintain or increase his position in the enterprise, you should give the words "maintain" and "increase" their ordinary meanings. You should consider all of the facts and circumstances in making that determination.

For example, you may consider evidence that the crime, if proved, was committed in order to maintain discipline within the enterprise and served to maintain Mr. Padilla's position in the enterprise. If Mr. Padilla committed the crime because he knew it was expected of him by reason of his membership in the enterprise, or if he committed the crime because he thought it would enhance his position or prestige within the enterprise, or if he committed it because he thought it was necessary to maintain the position he already held, this element would be established.

These examples are only meant by way of illustration. They are not exhaustive.

*United States v. DeLeon*, et al. (15-4268), Trial 1, Jury Instruction No. 33 (modified)

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 39, **PROPOSED INSTRUCTION NO. 20**.

## JURY INSTRUCTION NO. 26

Mr. Padilla is charged in Count 2 with a violation of 18 U.S.C. §§ 1513(a)(1)(B) and 2.

To find Mr. Padilla guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:       Mr. Padilla killed or attempted to kill another person;

*Second*:    With the intent to retaliate against that person;

*Third*:      For providing to a law enforcement officer any information relating to the commission or possible commission of a federal offense.


**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 42, **PROPOSED INSTRUCTION NO. 22**.

Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina **§ 1513**, at 310-11 (2020 Online Edition)(**RETALIATING AGAINST A WITNESS, VICTIM, OR INFORMANT**)(modified).

- 40 -

## JURY INSTRUCTION NO. 27

Mr. Padilla is charged in Count 3 with a violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2.

Title 21, United States Code, Section 848(e) makes it a crime to kill or to counsel, command, induce, procure, or cause the intentional killing of a person while engaged in offenses punishable under Title 21, United States Code, sections 841(b)(1)(A), which are drug trafficking offenses.

For you to find Mr. Padilla guilty of this charge, the government must prove the following beyond a reasonable doubt:

*First*:        That an individual was intentionally killed;

*Second*:        That Mr. Padilla killed the individual or that Mr. Padilla counseled commanded, induced, procured, or caused the intentional killing of the individual; and

*Third*:        That Mr. Padilla did so while engaged in offenses punishable under Title 21, United States Code, Section 841(b)(1)(A).

Title 21 U.S.C. § 841(b)(1)(A) prohibits an individual from knowingly or intentionally manufacturing, distributing, dispensing, or possessing with the intent to distribute or dispense a controlled substance, or creating distributing, dispensing, or possessing with intent to distribute or dispense controlled substances in excess of certain amounts, including 280 grams or more of cocaine base.


**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 43, **PROPOSED INSTRUCTION NO. 23**.

Committee on Pattern Jury Instructions for the United States Court of Appeals for the Fifth Circuit, **PATTERN JURY INSTRUCTIONS (Criminal Cases) 2.98B** at 433 **(2019 Edition)** **(KILLING WHILE ENGAGED IN DRUG TRAFFICKING OR A CONTINUING**

**CRIMINAL ENTERPRISE 21 U.S.C. § 848(e)(1)(A))**(modified).

**JURY INSTRUCTION NO. 28**

Mr. Padilla is charged in Count 4 of the ~~Third Superseding~~ Indictment with a violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (iii), 924(j)(1), and 2.

This law makes it a crime to use, carry or brandish a firearm during and in relation to a drug trafficking crime or crime of violence for which a person may be prosecuted in a court of the United States.

To find Mr. Padilla guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        Mr. Padilla committed a crime in violation of Title 18 United States Code Section 1959(a)(1), which is a crime of violence, or committed a crime in violation of 21 U.S.C. § 848(e)(1)(A), which is a crime of violence *and a drug trafficking crime;*

*Second*:        Mr. Padilla used or possessed a firearm;

*Third*:        during and in relation to, or in furtherance of, that drug trafficking crime or crime of violence;

*Fourth:*        the firearm was discharged; and

*Fifth*:        Mr. Padilla caused the death of a person through the use of a firearm.

The phrase "during and in relation to" means that the firearm played an integral part in the underlying crime, that it had a role in, facilitated (*i.e.*, made easier), or had the potential of facilitating the underlying crime.

Mr. Padilla knowingly "uses" a firearm when it (1) is readily accessible and (2) is actively employed during and in relation to the underlying crime.

Mr. Padilla knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control and (2) transports or moves the firearm from one place to another.

- 43 -

In determining whether Mr. Padilla knowingly used or carried a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of the firearm to the crime, the extent to which a firearm actually was observed before, during, and after the time of crime, and any other facts that bear on the issue.

A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence.   The government must prove a direct connection between Mr. Padilla's use or carrying of the firearm and the underlying crime but the crime need not be the sole reason Mr. Padilla used or carried the firearm.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.


**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 44-45, **PROPOSED INSTRUCTION NO. 24**.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 2.45**, at 160-61 (2023)(**USING/CARRYING A FIREARM DURING COMMISSION OF A DRUG TRAFFICKING CRIME OR CRIME OF VIOLENCE 18 U.S.C. § 924(c)(1)**)(adapted).

## JURY INSTRUCTION NO. 29

Your verdict must be unanimous.  Count 4 of the indictment accuses Mr. Padilla of committing the following acts: using or possessing a firearm in relation to, or in furtherance of a drug trafficking crime, and using or possessing a firearm in relation to, or in furtherance of, a crime of violence.

The government does not have to prove both of these different acts for you to return a guilty verdict on Count 4.

But in order to return a guilty verdict, all twelve of you must agree upon which of the listed acts, if any, Mr. Padilla committed and that he committed at least one of the acts listed.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.24**, at 39 (2023)(**UNANIMITY OF THEORY**).

## JURY INSTRUCTION NO. 30

Mr. Padilla is charged in Count 5 with a violation of 18 U.S.C. §§ 1512(a)(2)(C) and 2.

To find Mr. Padilla guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:         Mr. Padilla used or attempted to use physical force or the threat of physical force against Phillip Garcia; and

*Second*:         Mr. Padilla acted knowingly and with the intent to influence, delay, or prevent Phillip Garcia from communicating with a law enforcement officer relating to the commission of federal offenses, that is drug trafficking or retaliation against a witness, victim, or informant.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 46, **PROPOSED INSTRUCTION NO. 25**.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 2.65**, at 229-30 (2023)(**WITNESS TAMPERING 18 U.S.C. § 1512(b)(1)**)(adapted).

### JURY INSTRUCTION NO. 31

Mr. Padilla is charged in Count 6 with a violation of 21 U.S.C. § 846.  This law makes it a crime for anyone to conspire with someone else, to violate federal laws pertaining to controlled substances.   In this case, Mr. Padilla is charged with conspiracy to distribute Buprenorphine (Suboxone).

To find Mr. Padilla guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:          two or more persons agreed to violate the federal drug laws;

*Second*:        Mr. Padilla knew the essential objective of the conspiracy;

*Third*:          Mr. Padilla knowingly and voluntarily involved himself in the conspiracy; and

*Fourth*:          there was interdependence among the members of the conspiracy.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.  It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.  The evidence may show that some of the persons involved in the alleged conspiracy are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged or tried together in one proceeding.

The evidence need not show that the members entered into an express or formal agreement.  Nor does the law require proof that the members agreed on all the details.  But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

There can be no conspiracy between Mr. Padilla and a government agent.  If you are convinced that the charged conspiracy existed, then you must next determine whether Mr. Padilla

- 47 -

was a member of that conspiracy, that is, whether Mr. Padilla knew at least the essential goals of the conspiracy and voluntarily chose to be part of it.  The law does not require proof that Mr. Padilla knew all the other members of the conspiracy or knew all the details about how activities were to be carried out.  A person may belong to a conspiracy for a brief period of time or play a minor role.  On the other hand, proof is not sufficient if it merely shows that Mr. Padilla knew about the existence of the conspiracy or was associated with members of the conspiracy.  Rather, the evidence must show Mr. Padilla knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of the conspiracy.  This means that the members intended to act for their shared mutual benefit.  To satisfy this element, you must conclude that Mr. Padilla participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 47-48, **PROPOSED INSTRUCTION NO. 26**.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 2.87**, at 322-23 (2023)(**CONTROLLED SUBSTANCES -- CONSPIRACY 21 U.S.C. § 846**).

## JURY INSTRUCTION NO. 32

Mr. Padilla is charged in Count 7 with a violation of 21 U.S.C. § 841(a)(1).

This law makes it a crime to possess the controlled substance with the intent to distribute it.

To find Mr. Padilla guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

> *First*:        Mr. Padilla knowingly or intentionally possessed a controlled substance as charged;
>
> *Second*:        the substance was in fact Buprenorphine (Suboxone); and
>
> *Third*:        Mr. Padilla possessed the substance with the intent to distribute it.

Buprenorphine is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.


**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 49, **PROPOSED INSTRUCTION NO. 27**.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS 2.85** at 309-11 **(2023 Edition) (CONTROLLED SUBSTANCE -- POSSESSION WITH INTENT TO DISTRIBUTE 21 U.S.C. § 841(a)(1))**(modified).

## JURY INSTRUCTION NO. 33

Mr. Padilla is charged in Count 8 with a violation of 18 U.S.C. § 1791.

Title 18, United States Code, Section 1791 makes it a crime for an inmate of a prison to make, possess, or obtain, or to attempt to make, possess, or obtain, a prohibited object.

For you to find Mr. Padilla guilty, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:     That Mr. Padilla was a pretrial detainee being held in a prison facility;

*Second*:     That Mr. Padilla knowingly possessed or obtained an object; and

*Third:*     That the object is a prohibited object.

The term "prison" means a Federal correctional, detention, or penal facility or any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 50, **PROPOSED INSTRUCTION NO. 28**.

Committee on Pattern Jury Instructions for the United States Court of Appeals for the Fifth Circuit, **PATTERN JURY INSTRUCTIONS (Criminal Cases) 2.72B** at 313 **(2019 Edition) (POSSESSION CONTRABAND IN PRISON 18 U.S.C. § 1791(a)(2))**(modified).

## JURY INSTRUCTION NO. 34

Counts 1, 2, 3, 4, 5, 7 and 8 of the indictment also charge violations of 18 U.S.C. section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find Mr. Padilla guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        every element of the charged crime as outlined in Instructions 18, 26, 27, 28, 30, 32 and 33 was committed by someone other than Mr. Padilla, and

*Second*:        Mr. Padilla intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that Mr. Padilla consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

Mr. Padilla need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 32,** at 47-48 (modified).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 2.06,** at 85 **(2023 Edition)(AID AND ABET 18 U.S.C. § 2(a) (Adapted)**.

## JURY INSTRUCTION NO. 35

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 51, **PROPOSED INSTRUCTION NO. 29** (modified).

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 30,** at 45.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.37,** at 59 **(2023 Edition) (KNOWINGLY -- DELIBERATE IGNORANCE)**(modified).

## JURY INSTRUCTION NO. 36

You will note that the indictment charges that the crimes in Counts 1, 2, and 4 were committed on or about July 22, 2019; that the crime charged in Count 3 was committed from on or about September 17, 2018, and continuing to on or about September 10, 2019; that the crime charged in Count 5 was committed on or about November 25, 2020; that the crime charged in Count 6 was committed from on or about June, 2022, and continuing to on or about September 21, 2022; and that the crimes charged in Counts 7 and 8 were committed on or about September 6, 2022.  The government must prove beyond a reasonable doubt that Mr. Padilla committed the crimes charged in Counts 1, 2, and 4 reasonably near July 22, 2019; the crime charged in Count 3 reasonably near September 17, 2018, and continuing to reasonably near September 10, 2019; the crime charged in Count 5 reasonably near November 25, 2020; the crime charged in Count 6 reasonably near June, 2022, and continuing to reasonably near September 21, 2022; and the crimes charged in Count 7 and 8 were committed reasonably near September 6, 2022.


**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 12, **PROPOSED INSTRUCTION NO. 9** (adapted).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.18**, at 32 (2023)(**ON OR ABOUT**)(adapted).

### JURY INSTRUCTION NO. 37

You are here to decide whether the government has proved beyond a reasonable doubt that Mr. Padilla guilty of the crimes charged.  Mr. Padilla is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged.  The fact that another person also may be guilty is no defense to a criminal charge.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 33,** at 49.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.19,** at 33 (2023)(**CAUTION -- CONSIDER ONLY CRIME CHARGED**).

United States v. Rodella, 101 F.Supp. 3d at 1086.

## JURY INSTRUCTION NO. 38

A separate crime is charged in each count of the indictment.  You must separately consider the evidence against Mr. Padilla on each count and return a separate verdict for each count.

Your verdict as to any one count, whether it is guilty or not guilty, should not influence your verdict as to any other counts, unless you are expressly instructed otherwise in these Instructions.

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.22**, at 36 (2023)(**MULTIPLE DEFENDANTS -- MULTIPLE COUNTS**)(modified).

## JURY INSTRUCTION NO. 39

If you find Mr. Padilla guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 60, **PROPOSED INSTRUCTION NO. 38** (modified).

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 34,** at 50 (modified).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.20,** at 34 **(2023 Edition)(CAUTION -- PUNISHMENT (Non-Capital Cases))**(modified).

## JURY INSTRUCTION NO. 40

In a moment the Courtroom Deputy Clerk will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges -- judges of the facts.  You must decide whether the government has proved Mr. Padilla guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

**[Explain the Verdict Form]**

- 57 -

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.

**UNITED STATES' PROPOSED JURY INSTRUCTIONS** at 61-62, **PROPOSED INSTRUCTION NO. 39** (modified).

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 35,** at 51-53 (modified).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.23,** at 37-38 **(2023 Edition)(DUTY TO DELIBERATE -- VERDICT FORM)**(adapted).

- 58 -

## JURY INSTRUCTION NO. 41

Members of the jury, in a moment I am going to ask that you go to the jury room and deliberate.  I realize that you may have some difficulty reaching a unanimous agreement, but that is not unusual.  Sometimes, after further discussion, jurors are able to work out their differences and agree.

This is an important case.  If you should fail to agree upon a verdict, the case is left open and must be tried again.  Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

You are reminded that Mr. Padilla is presumed innocent, and that the government, not Mr. Padilla, has the burden of proof and it must prove Mr. Padilla guilty beyond a reasonable doubt.  Those of you who may believe that the government has proved Mr. Padilla guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough, given that other members of the jury may not be convinced.  And those of you who may believe that the government has not proved Mr. Padilla guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one, given that other members of the jury may not share your doubt.  In short, every individual juror should reconsider his or her views.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous.  But do not surrender your

- 59 -

honest conviction as to the weight or effect of evidence solely because of the opinion of your

fellow jurors, or for the mere purpose of returning a verdict.

What I have just said is not meant to rush or pressure you into agreeing on a verdict.  Take

as much time as you need to discuss things.  There is no hurry.

I will ask in a moment that you retire and begin your deliberations with these additional

comments in mind to be applied, of course, in conjunction with all of the instructions I have

previously given you.


**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 39,** at 57-58 (modified).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.42** at 66-67 **(2023 Edition)(MODIFIED <u>ALLEN</u> INSTRUCTION)**(modified).

## JURY INSTRUCTION NO. 42

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial ~~and sentencing proceedings~~, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.


**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 36,** at 57-58 (modified).

Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, **CRIMINAL PATTERN JURY INSTRUCTIONS § 1.44,** at 70 **(2023 Edition)(COMMUNICATION WITH THE COURT)**(modified).

## JURY INSTRUCTION NO. 43

Faithful performance by you of your duties is vital to the administration of justice.

**MR. PADILLA'S REQUESTED JURY INSTRUCTIONS NO. 45,** at 55.

Jury Instruction No. 40, Document 1877, 15-CR-4268.

United States v. Gaspar Leal, No. CIV 16-3069 JB, Instruction No. 20, at 25, filed December 6, 2017 (Doc. 183).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.               No. CR 22-0634 JB

ROBERT PADILLA
and GARY COCA,

    Defendants.

## **VERDICT**

**COUNT 1**

  WE, the Jury, find the defendant **ROBERT PADILLA,** _____
                  (guilty or not guilty)
of violent crimes in aid of racketeering in the murder of Leroy Lucero as charged in Count 1 of

the Indictment.

  Only if you unanimously answer the prior question guilty, answer one of the next two

questions.  If you answer not guilty, go to Count 2.

    a. Does the Jury unanimously find that the government has proved the fourth element

      of Count 1 by showing beyond a reasonable doubt that the defendant, Robert

      Padilla, committed first degree murder?

      _____ YES  _____ NO

If you agree that the defendant, Robert Padilla, committed first degree murder go to Count 2.  If

you do not agree that Mr. Padilla committed first degree murder, go to question b.

    b. Does the Jury unanimously find that the government has proved the fourth element

      of Count 1 by showing beyond a reasonable doubt that the defendant, Robert

      Padilla, committed second degree murder?

- 63 -

_____ YES   _____ NO

**COUNT 2**

WE, the Jury, find the defendant **ROBERT PADILLA,**   _____
                                                          (guilty or not guilty)
of retaliation against a witness, victim, or informant as charged in Count 2 of the Indictment.

**COUNT 3**

WE, the Jury, find the defendant **ROBERT PADILLA,**   _____
                                                          (guilty or not guilty)
of killing while engaged in drug trafficking as charged in Count 3 of the Indictment.

**COUNT 4**

WE, the Jury, find the defendant **ROBERT PADILLA,**   _____
                                                          (guilty or not guilty)
of using, carrying, possessing in furtherance of, and discharging a firearm during and in relation

to, a crime of violence or drug trafficking crime and causing death through use of the firearm as

charged in Count 4 of the Indictment.

Only if you unanimously answer the prior question guilty, answer both of the next two

questions.  If you answer not guilty, go to Count 5.

a. Does the Jury unanimously find that the government has proved the third element

of Count 4 by showing beyond a reasonable doubt that the defendant, Robert

Padilla, used, or possessed a firearm in relation to, or in furtherance of, a drug

trafficking crime?

_____ YES   _____ NO

b. Does the Jury unanimously find that the government has proved the third element

of Count 4 by showing beyond a reasonable doubt that the defendant, Robert

Padilla, used, or possessed a firearm in relation to, or in furtherance of, a crime of

violence?

_____ YES   _____ NO

- 64 -

**COUNT 5**

  WE, the Jury, find the defendant **ROBERT PADILLA,** _____

                           (guilty or not guilty)

of tampering with a witness, victim or informant by physical force or threat as charged in Count 5

of the Indictment.

**COUNT 6**

  WE, the Jury, find the defendant **ROBERT PADILLA,** _____

                           (guilty or not guilty)

of conspiracy as charged in Count 6 of the Indictment.

**COUNT 7**

  WE, the Jury, find the defendant **ROBERT PADILLA,** _____

                           (guilty or not guilty)

of possession with intent to distribute buprenorphine as charged in Count 7 of the Indictment.

**COUNT 8**

  WE, the Jury, find the defendant **ROBERT PADILLA,** _____

                           (guilty or not guilty)

of possession of contraband in prison as charged in Count 8 of the Indictment.

  Dated this _____ day of December, 2023.


                  _____

                           FOREPERSON